## HEMENWAY v. FITZGERALD.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

Venue (§ 52*)—Change—Convenience of Witnesses.

Where defendant in an action on a note resides in Rensselaer county, N. Y., and is over 70 years of age, infirm, and unable to travel, and plaintiff's intestate was a resident of Onondaga county when he died, and letters of administration were there issued, and five of defendant's witnesses on material questions, besides herself, resided in Rensselaer county, and none of plaintiff's witnesses resided in New York City, a motion to change the place of trial from New York to Rensselaer county should be granted; the mere fact that the only material witnesses reside in Rens-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

selaer county being of itself sufficient to justify changing the place of trial to that county, defendant residing there.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by John F. Hemenway, as administrator, against Ann Fitzgerald. From an order denying a motion to change the place of trial, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Abel Merchant, Jr., of Nassau, for appellant.
Mervyn Mackenzie, of New York City, for respondent.

McLAUGHLIN, J. Appeal from an order denying a motion to change the place of trial, for the convenience of witnesses, from New York to Rensselaer county. Action is upon a promissory note alleged to have been made by one Rowan, payable to the order of the Sunset Silver, Lead & Zinc Mines Company, indorsed by defendant before delivery to the payee and subsequently, before maturity, transferred to plaintiff's intestate. It was dated at Albany, N. Y., and there presented for payment, which was refused, and protest alleged to have been duly served. The answer is a general denial and affirmative defenses of payment, that the note was procured by fraud, and want of consideration.

The defendant is a resident of Rensselaer county, N. Y., and plaintiff's intestate died a resident of Onondaga county, N. Y., and letters of administration of his estate were there issued to the plaintiff. It appears from the moving affidavits that defendant has five witnesses, besides herself, residing in Rensselaer county, whose testimony will be necessary and material upon at least one or the other of the issues in the action; that defendant is over 70 years of age, infirm, and unable to travel. It does not appear that the plaintiff has a single witness residing in the city of New York.

Upon those facts I am of the opinion that the motion to change the place of trial should have been granted. The fact that the only necessary and material witnesses, so far as appears, reside in Rensselaer county, is sufficient of itself to justify the changing of the place of trial from such county to the county where the defendant resides.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.